**JOHN DILORENZO, JR., OSB #802040**
johndilorenzo@dwt.com
**AARON K. STUCKEY, OSB #954322**
aaronstuckey@dwt.com
**EVAN CHRISTOPHER, OSB #183214**
evanchristopher@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MOE FARHOUD, STARK FIRS LIMITED PARTNERSHIP, ALDER VILLAGE, INC., STAR KREST, INC., ASH STREET COURTYARD LLC, TYLER SHERMAN,** and **CRYSTAL SHERMAN,**<br><br>**PLAINTIFFS**,<br><br>v.<br><br>**GOVERNOR KATE BROWN,** in her official capacity; **STATE OF OREGON; CITY OF PORTLAND,** an Oregon municipal corporation; and **MULTNOMAH COUNTY OF OREGON,** and Oregon municipal corporation,<br><br>**DEFENDANTS**. | Case No.<br><br>**COMPLAINT** |

Plaintiffs Moe Farhoud; Stark Firs Limited Partnership; Alder Village, Inc.; Star Krest, Inc.; Ash Street Courtyard LLC; Tyler Sherman; and Crystal Sherman, by and through their undersigned attorneys, hereby allege as follows.

Page 1 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

# INTRODUCTION

1.

This civil rights action challenges several provisions of law, including state statutes, executive orders, and municipal ordinances that, taken together, significantly impair Plaintiffs' rental contracts and amount to *per se* takings and unreasonable seizures of Plaintiffs' property for a public purpose without just compensation.

2.

The provisions in question include 2020 House Bill 4213 ("HB 4213"); 2020 House Bill 4401 ("HB 4401"); Executive Orders 20-13 and 20-56; Multnomah County Ordinance Nos. 1282, 1284, and 1287; Multnomah County Resolution No. 2020-110; and City of Portland Ordinance Nos. 189890 and 190156 (collectively, the "Eviction Moratoria"). The Eviction Moratoria have the effect of:

    a.    Preventing Plaintiffs from terminating any tenancy for non-payment of rent, late charges, utility charges, and certain other service charges or fees, otherwise owing under their rental agreements with tenants;

    b.    Preventing Plaintiffs from exercising their contractual rights to exclude individuals from their properties and take possession of Plaintiffs' units pursuant to Plaintiffs' rental agreements;

    c.    Preventing Plaintiffs from charging late fees, penalties, or any other amount reflecting the time value of rent that was not paid in a timely fashion;

    d.    Preventing Plaintiffs from pursuing judgments for past-due rent absent any effect on tenants' possession;

    e.    Preventing Plaintiffs, once tenants do eventually begin to pay rent, from applying those rent payments to the unpaid rental balance;

    f.    Preventing Plaintiffs from collecting unpaid rent until six months after the end of the declared emergency, whenever that time may be;

Page 2 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

  g. Preventing Plaintiffs from availing themselves of debt collection services by preventing Plaintiffs from reporting past due accounts to collection agencies.

  h. In many cases, preventing Plaintiffs from ever receiving amounts due under their rental agreements.

3.

The Eviction Moratoria are unconstitutional in several respects. First, the Eviction Moratoria impair the obligations of Plaintiffs' rental agreements by removing the most important methods of enforcement of which Plaintiffs may avail themselves under their rental agreements: penalties for late payments and termination of the tenancy. Absent those enforcement terms, Plaintiffs have no effective means of ensuring that their rental properties continue to generate revenue rather than to merely incur costs. The Eviction Moratoria even eliminate Plaintiffs' rights to seek money judgments piecemeal, month-to-month as sums become due. Plaintiffs are forever deprived of the late fees and penalties for nonpayment that represent the time value of the unpaid money; they can never sue to recover those sums. Plaintiffs are also forbidden from reporting past-due amounts to credit agencies, so they are unable to avail themselves of existing collections procedures for any money judgment they do obtain. Moreover, even with regard to the rent and other expenses Plaintiffs could, eventually, sue to recover, the practical reality is that the tenants who cannot afford to pay one month's rent now will be highly unlikely to afford the total past-due rent that will continue to accumulate each month until the State declares the "end" of the statewide emergency. Plaintiffs' "right" to unpaid rent is little more than an illusion. As a result, Plaintiffs are being legally compelled to provide, for some indeterminate amount of time that has already stretched beyond 18 months, housing, utilities, and other services associated with habitability for large numbers of this state's population—and Plaintiffs will likely bear the cost of this state-run public benefit program entirely on their own. Thus, the Eviction Moratoria are unconstitutional in a second respect because they constitute a taking of Plaintiffs' property for a public purpose without just compensation by eliminating Plaintiffs' rights to occupy, use, transfer, or exclude others from their properties. Finally, because the above interference with

Page 3 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Plaintiffs' properties constitutes a use of Plaintiffs' properties for Defendants' own purposes and Defendants' exercise of dominion and control over Plaintiffs' properties, the Eviction Moratoria violate the Fourth Amendment's prohibition on unreasonable seizures.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and because Plaintiffs seek redress of their civil rights under 28 U.S.C. § 1343. This Court is empowered by 28 U.S.C. §§ 2201 and 2202 to grant declaratory as well as other forms of relief, including permanent injunctive relief, necessary to remedy the alleged constitutional violations.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arose in this judicial district and Defendants are the State of Oregon, the Governor of Oregon, and two municipal corporations located in this judicial district. Assignment to the Portland Division is proper because Defendants are located in Multnomah, Washington, and Clackamas Counties.

## PARTIES

6.

Plaintiffs are housing providers who own dwelling units in Portland, Multnomah County, and throughout Oregon that are currently occupied by tenants subject to the Eviction Moratoria.

7.

Plaintiff Moe Farhoud is the owner of Stark Firs Property Management. The company gives people an opportunity to rent a quality dwelling unit at an affordable price. Mr. Farhoud came to the United States as a child refugee escaping war in his native Lebanon. Mr. Farhoud had a dream to provide those who encountered challenges in life with a second chance at success. Mr. Farhoud therefore seeks to rent many units at his properties to tenants who have had prior criminal records, bankruptcies, credit problems, and who have otherwise encountered circumstances which would limit their ability to rent dwelling units.

Page 4 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

8.

Mr. Farhoud bought his first building in 1988 has continued to buy other buildings. He currently owns approximately 1200 apartment units throughout Portland, Multnomah County, and the State of Oregon. He owns controlling interests in 44 distinct legal entities which own his apartment buildings. Many of Mr. Farhoud's tenants have refused to pay rent since March of 2020. The Eviction Moratoria have made it impossible for him to collect rent or replace tenants who cannot pay rent with those who can. As of the date of filing, Mr. Farhoud's tenants owe his entities over $1 million dollars in back rent.

9.

Plaintiff Stark Firs Limited Partnership is Mr. Farhoud's business that owns the Alder Royal Apartments located in the City of Portland and Multnomah County. Many tenants of Alder Royal Apartments have refused to pay rent since March of 2020. The Eviction Moratoria have made it impossible for Stark Firs Limited Partnership to collect rent from or replace tenants who cannot pay rent with those who can. To date, its tenants owe Stark Firs Limited Partnership over $85,000.00 in back rent.

10.

Plaintiff Alder Village, Inc. is Mr. Farhoud's business that owns the Alder Village Apartments located in the City of Portland and Multnomah County. Many tenants of Alder Village Apartments have refused to pay rent since March of 2020. The Eviction Moratoria have made it impossible for Alder Village, Inc. to collect rent from or replace tenants who cannot pay rent with those who can. To date, its tenants owe Alder Village, Inc. over $80,000.00 in back rent.

11.

Plaintiff Star Krest, Inc. is Mr. Farhoud's business that owns the Star Krest Apartments located in the City of Portland and Multnomah County. Many tenants of Star Krest Apartments have refused to pay rent since March of 2020. The Eviction Moratoria have made it impossible

Page 5 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

for Star Krest, Inc. to collect rent from or replace tenants who cannot pay rent with those who can. To date, its tenants owe Star Krest, Inc. over $29,000.00 in back rent.

12.

Plaintiff Ash Street Courtyard LLC is Mr. Farhoud's business that owns the Ash Street Courtyard Apartments located in the City of Portland and Multnomah County. Many tenants of Ash Street Courtyard Apartments have refused to pay rent since March of 2020. The Eviction Moratoria have made it impossible for Ash Street Courtyard LLC to collect rent from or replace tenants who cannot pay rent with those who can. To date, its tenants owe Ash Street Courtyard LLC over $52,000.00 in back rent.

13.

Plaintiffs Tyler and Crystal Sherman own 22 housing units throughout Oregon. Mr. Sherman was 20 years old and working as a maintenance man for a property management company when he decided that he wanted to build his own rental business. He purchased his first duplex as a home and an investment. He went on to buy multiple other properties before meeting Crystal a few years later. The Shermans often purchased properties that were vacant and in need of major repairs. They have worked evenings, weekends, holidays, and late nights on roofing, cleaning, painting, gutting, and remodeling poorly maintained properties into clean, safe, affordable homes.

14.

Several of the Shermans' tenants have refused to pay rent since March of 2020. On information and belief, none of these tenants have lost employment due to the COVID-19 crisis. The Eviction Moratoria have made it impossible for the Shermans to collect rent from or replace their tenants who refuse to pay rent with those who can. To date, these tenants owe them in excess of $8,000.00 in back rent.

Page 6 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

15.

Defendant Governor Kate Brown is sued in her official capacity as Governor of the State of Oregon and is subject to the personal jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A). At all pertinent times, Governor Brown was acting under color of law.

16.

Defendant State of Oregon (the "State") is subject to the personal jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A). At all times, the State was acting under color of law.

17.

Defendant Multnomah County (the "County") is an Oregon municipal corporation subject to the limits on home rule authority contained in the Oregon Constitution. The County is subject to the personal jurisdiction of this Court under Fed. R. Civ. P. 4(k)(1)(A). At all times, the County was acting under color of law.

18.

Defendant City of Portland (the "City") is an Oregon municipal corporation subject to the limits on home rule authority contained in the Oregon Constitution. The City is subject to the personal jurisdiction of this Court under Fed. R. Civ. P. 4(k)(1)(A). At all times, the City was acting under color of law.

**FACTS**

19.

The COVID-19 pandemic was unprecedented, and the mystery of what would happen next often led to delays in the government's understanding of who would need what relief. The disease remains an unknown quantity in many respects. However, the volume of information to which governments now have access is prodigious, and it has led to changes in how governments regulate and support their citizens and their citizens' businesses. For example, pervasive concern about the status of state budgets turned out to be misplaced. *See* Dirk Vanderhart, *Oregon's latest budget projections reveal 'shocking' improvement from last forecasts*, OREGON PUBLIC

Page 7 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

BROADCASTING (Sept. 12, 2020 11:00 a.m.), https://www.opb.org/article/2020/09/23/oregons-latest-budget-projections-reveal-shocking-improvement-from-past-forecasts/. The Governor, with state coffers in a better position than she expected, announced targeted relief to certain sectors of the economy found to be in dire need as a consequence of her orders. *See* Mike Rogoway, *Oregon Gov. Kate Brown pledges $55 million in state aid for businesses hurt by COVID-19*, THE OREGONIAN/OREGONLIVE (Nov. 17, 2020), https://www.oregonlive.com/business/2020/11/oregon-gov-kate-brown-pledges-55-million-in-state-aid-for-businesses-hurt-by-covid-19.html. The City, too, waited to announce relief to targeted individuals and firms it found especially in need. Rebecca Ellis, *Portland approves distribution of $114 million in CARES Act funds*, OREGON PUBLIC BROADCASTING (July 23, 2020 6:45 a.m.), https://www.opb.org/news/article/portland-oregon-city-council-approves-cares-act-funds-distribution/.

20.

At the time of filing, Oregonians have been living with COVID-19 for over nine months. Defendants know much more about the virus than they did when it first arrived, and they have adapted their responses to the virus as their knowledge has grown. Yet Defendants' approaches to Plaintiffs and other landlords remain essentially the same. Whereas some favored groups have been graced by Defendants' largesse, Plaintiffs' losses remain unaddressed. As a result, Plaintiffs struggle under the combined weight of both the government-induced economic shutdown and the public burden they have been ordered to privately shoulder as compelled providers of public housing and housing services.

21.

The first eviction moratorium imposed in Oregon was enacted by the County on March 19, 2020 as Ordinance No. 1282. A true and correct copy of Ordinance No. 1282 is attached as Exhibit 1 to this Complaint and is incorporated herein by reference. Among other provisions, that ordinance

Page 8 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

a. Prevented landlords from proceeding with any eviction based on nonpayment of rent or other expenses;

b. Prevented landlords from charging late fees or penalties from unpaid rent or other expenses; and

c. Prevented landlords from pursuing payment of back rent or other expenses until six months after the County declared an end to the COVID-19 emergency.

22.

The City acted in accordance with the County, enacting its own moratorium that included all of the features of the County's moratorium and applied to parts of Portland not contained within Multnomah County. A true and correct copy of City of Portland Ordinance No. 189890 is attached as Exhibit 2 to this Complaint and is incorporated herein by reference.

23.

Governor Brown issued the first statewide eviction moratorium, Executive Order 20-11, on March 22, 2020; that order prohibited law enforcement from serving, delivering, or acting on any notice or judgment of eviction arising from nonpayment of rent. Just over a week later, on April 1, 2020, Governor Brown signed Executive Order 20-13, enlarging and extending the terms of EO 20-11 to commercial leases as well as residential rental agreements. True and correct copies of both EOs 20-11 and 20-13 are attached to this Complaint as Exhibits 3 and 4, respectively, and are incorporated herein by reference. On April 16, 2020, the County deferred to the state eviction moratorium and suspended enforcement of its own enactment. A true and correct copy of Multnomah County Ordinance No. 1284 is attached as Exhibit 5 to this Complaint and is incorporated herein by reference.

24.

On June 26, 2020, during the 1st Special Legislative Session, the Oregon Legislative Assembly enacted, and Governor Brown signed, 2020 House Bill 4213 ("HB 4213"), much of which remains in effect today. HB 4213 streamlined eviction moratorium efforts statewide, adopting the models piloted in the County and the City that prohibited evictions based on

Page 9 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

nonpayment of rent, utilities and other charges due under a rental agreement and allowed repayment following a six-month "grace period" beginning at the state-declared "end" of the COVID-19 emergency. The legislation also prohibits landlords from charging interest or late fees and prohibits landlords from referring back-rent obligations to collection companies for collecting tenant's past-due amounts. A true and correct copy of HB 4213 is attached as Exhibit 6 to this Complaint and is incorporated herein by reference.

25.

On September 24, 2020, the County adopted portions of HB 4213 to bring the County's eviction moratorium in line with state law. A true and correct copy of Multnomah County Ordinance No. 1287 is included as Exhibit 7 to this Complaint and is incorporated herein by reference. The County also extended the eviction moratorium emergency period through January 8, 2021.

26.

On September 28, 2020, Governor Brown issued EO 20-56, effectively extending application of HB 4213 through December 31, 2020. A true and correct copy of EO 20-56 is included as Exhibit 8 to this Complaint and is incorporated herein by reference.

27.

On September 30, 2020, the City enacted Ordinance No. 190156 applying Multnomah County Ordinance No. 1287 to all portions of the City of Portland "wherever located within the tri-county area[.]" A true and correct copy of City of Portland Ordinance No. 190156 is included as Exhibit 9 to this Complaint and is incorporated herein by reference.

28.

On December 17, 2020, the County adopted Resolution No. 2020-110, which extended the duration of the countywide emergency declaration and the countywide eviction moratorium to July 2, 2021 and delayed the repayment date of back rent accrued during the moratorium to January 2, 2022. A true and correct copy of Multnomah County Resolution No. 2020-110 is included as Exhibit 10 to this Complaint and is incorporated herein by reference. Resolution No.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2020-110 provides that the countywide eviction moratorium is only in place and effective until the state, federal, or local governments provide "equal or greater protections" to tenants.

29.

On December 21, 2020, the Legislative Assembly adopted HB 4401, which had several effects on the existing Eviction Moratoria. A true and correct copy of HB 4401 is included as Exhibit 11 to this Complaint and is incorporated herein by reference. The Governor is expected to sign the bill within the next few days. HB 4401 extends the statewide eviction moratorium in nearly all circumstances to June 30, 2021; correspondingly, the "grace period" during which repayment of back rent is not required was also extended six months further, to December 30, 2021. As a result of this one effect of HB 4401, Plaintiffs will have been deprived of rental income from many of their tenants for over 18 months. Perhaps most significant, HB 4401 expressly forbids landlords from filing claims to secure repayment of back rent notwithstanding that such claims have no effect on the tenants' possession. Thus, HB 4401 makes explicit what Plaintiffs have feared since April of 2020: that they are now required to continue to provide housing for individuals, including paying the associated costs of providing that housing, without receiving any compensation from tenants for well over a year.

30.

HB 4401 also attempts to provide some relief and compensation to select landlords, all of which is wholly inadequate. The "landlord assistance" provisions require every landlord that participates in the program to forego fully one-fifth of the back rent owed to them. Moreover, the "landlord assistance" is only funded for a fraction of the outstanding rent owed by tenants across the state: HB 4401 dedicates $200 million to "landlord assistance," but the full amount of back rent owed is estimated at between $800 and $900 million. As a result, most housing providers cannot receive assistance, and HB 4401 acknowledges this by allowing the Oregon Housing and Community Services Department ("OHCS") to restrict payments to housing providers on a per-tenant, per-landlord, or per-time-period basis; on the basis of a minimum threshold of affected tenants; or on the basis of a minimum threshold of unpaid rent. HB 4401

Page 11 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

also requires OHCS to prioritize "landlord assistance" to smaller landlords with fewer units, which likely would not include Plaintiffs.

31.

HB 4401 does not alleviate the Eviction Moratoria of their constitutional infirmities. In many cases, HB 4401 makes the Eviction Moratoria worse for Plaintiffs. Plaintiffs will now go unpaid through December 30, 2021; cannot seek piecemeal judgments from their tenants for unpaid amounts; and will be required to forego—at a minimum—twenty percent of the funds owed to them, if they receive anything at all.

32.

What began as temporary measures—the costs of which were to be borne by landlords alone—have now been in place for most of a year and will remain in place through all of 2021. Despite the time to prepare, the time to attend three special legislative sessions, the continued deliberation of the state Emergency Board, the evolution of remote work, the significant volume of new data about the virus, and the increased awareness of Oregonians' financial precarity, the Eviction Moratoria are still relying on the same approaches as were imposed in early spring. No better balance has been struck, and the cost of the governments' failure to act has continued to fall on Plaintiffs' shoulders, all of whom have been left to their own devices. On the other hand, Defendants have continued to subsidize other, more favored, segments of society that have also been impacted by Defendants' responses to the pandemic.

## FIRST CLAIM FOR RELIEF

**Violation of the Contracts Clause, Art. I, section 10
of the United States Constitution as incorporated and made
applicable to states by the Fourteenth Amendment**

33.

Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 32, above.

Page 12 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

34.

Plaintiffs' rental relationships with their tenants are controlled by contracts, including rental agreements (the "Contracts"), all of which are enforceable contracts within the meaning of Article I, section 10.

35.

The Contracts obligate Plaintiffs' tenants to pay rent, utilities, and other related expenses in exchange for the right to occupy portions of Plaintiffs' premises. The Contracts also provide for various means of enforcing that payment obligation, including the imposition of late fees and penalties and right to terminate the tenancy and recover possession of the premises.

36.

The Eviction Moratoria substantially impair Plaintiffs' Contracts with their tenants by (a) allowing tenants to remain in possession of the premises notwithstanding their nonpayment of rent, utilities, and other charges; (b) prohibiting Plaintiffs from recovering amounts, such as late fees and other penalties, meant to compensate Plaintiffs for the time value of their money resulting from tenants' failure to pay rent, utilities, and other charges when due; (c) prohibiting Plaintiffs from enforcing tenants' payment obligations by seeking money judgments for debts owed; and (d) prohibiting Plaintiffs from taking any other actions to recover possession of their premises so as to protect themselves from the increased costs and decreased revenue this circumstance creates.

37.

The above violations of the United States Constitution give rise to both declaratory and injunctive remedies under the Federal Civil Rights Act, 42 U.S.C. § 1983.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

38.

Plaintiffs are entitled to a declaration from this Court that the Eviction Moratoria violate Article I, section 10, of the United States Constitution.

39.

Plaintiffs are entitled to an injunction directed to Defendants prohibiting any enforcement or implementation of the Eviction Moratoria.

40.

Plaintiffs are entitled to recover their reasonable costs and attorney fees incurred in bringing this action pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### Violation of the Fifth and Fourteenth Amendments to the United States Constitution

41.

Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 40, above.

42.

By requiring Plaintiffs to surrender possession of their premises to tenants—who are in arrears and no longer entitled to possess the premises—for nearly one year without any form of payment from either their tenants or from Defendants, and by expressly preventing Plaintiffs from collecting amounts owed to them during that time or ensuring those amounts can actually be collected following the "end" of the COVID-19 emergency, the Eviction Moratoria exceed the bounds of the State's police power and are instead an attempted exercise of eminent domain.

Page 14 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

43.

The Eviction Moratoria constitute a *per se* taking under applicable Supreme Court case law because the Eviction Moratoria represent a physical occupation of the Plaintiffs' premises without just compensation and the inability to legally replace a nonpaying tenant with a paying tenant.

44.

The Eviction Moratoria also constitute a *per se* taking because they deprive Plaintiffs of their rights to exclude individuals—including tenants who have not paid their rent, utilities, or other charges—from Plaintiffs' properties when those individuals no longer have any rights to possession.

45.

The Eviction Moratoria's attempts to facilitate the future payment of past-due rent at a later time also amount to price controls that fail to provide for a reasonable rate of return to Plaintiffs. The emergency that led to enactment of the Eviction Moratoria does not outweigh their confiscatory effects resulting from their duration and the practical inability of Plaintiffs to withdraw from the residential housing business. Although the Eviction Moratoria are nominally "temporary," they have been extended on at least seven occasions and are now extended through the end of next year, December 30, 2021. Additionally, Plaintiffs are practically incapable of withdrawing from the business of providing housing without suffering significant losses.

46.

Because the Eviction Moratoria impose significant burdens of extended duration on Plaintiffs and because Plaintiffs cannot exit the business subject to those burdens with incurring substantial losses, the Eviction Moratoria amount to price controls, which are confiscatory if they

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

fail to provide a reasonable rate of return. The Eviction Moratoria fail to provide a reasonable rate of return because the unlikely recovery of past-due amounts at some unspecified future time is not a reasonable rate, taking into account Plaintiffs' operating costs, capital expenses, service on their debt, and a sufficient regular return to assure confidence in the financial integrity of their enterprises and not discourage investment. Plaintiffs still have to pay their mortgages; pay debt service on past capital projects; maintain, repair, and otherwise keep up their properties under applicable housing codes; pay utilities—in many cases, on tenants' behalf; pay property taxes to the very entities that are limiting Plaintiffs' ability to pay anything; pay property management costs; and still project enough confidence in their businesses to attract investors, suppliers, and other business partners.

47.

The Eviction Moratoria are confiscatory price controls that fail to provide a reasonable rate of return and therefore violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit the taking of property without just compensation.

48.

The above violations of the United States Constitution give rise to both declaratory and injunctive remedies under the Federal Civil Rights Act, 42 U.S.C. § 1983.

49.

Plaintiffs are entitled to a declaration from this Court that the Eviction Moratoria violate the Fifth and Fourteenth Amendments to the United States Constitution.

50.

Plaintiffs are entitled to an injunction directed to Defendants prohibiting any enforcement or implementation of the Eviction Moratoria.

Page 16 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main ∙ (503) 778-5299 fax

51.

Plaintiffs are entitled to recover their reasonable costs and attorney fees incurred in bringing this action pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

### Violation of the Fourth and Fourteenth Amendments to the United States Constitution

52.

Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 51, above.

53.

The Eviction Moratoria meaningfully interfere with Plaintiffs' possessory interests in their rental properties because they prevent Plaintiffs from taking several actions with respect to their own properties, including occupying their properties, selling their properties without taking substantial losses, or excluding individuals from their properties. The Eviction Moratoria also profoundly change the character of Plaintiffs' properties from income-generating properties to government-mandated but unsubsidized properties incapable of generating sufficient revenue.

54.

Plaintiffs had an expectation of privacy concerning who can occupy their units because their rental agreements with their tenants, as well as the identities of those tenants, are private. Plaintiffs' properties are not exposed to the public; the properties are not open to the public and may only be inspected by government authorities to ensure compliance with safety codes. That Plaintiffs do not presently occupy their properties does not change Plaintiffs' reasonable expectation that their private properties would remain private and that whoever in fact does occupy those properties should be determined by the owners of those properties—Plaintiffs.

Page 17 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

55.

Defendants' ongoing seizure of Plaintiffs' properties for Defendants' own purposes is unreasonable because Defendants' seizure is unnecessarily intrusive, and no exigency required Plaintiffs' properties to be so invaded.

56.

Plaintiffs are therefore entitled to a declaration from this Court that the Eviction Moratoria violate the Fourth and Fourteenth Amendments to the United States Constitution.

57.

Plaintiffs are entitled to an injunction directed to Defendants prohibiting any further enforcement or implementation of the Eviction Moratoria.

58.

Plaintiffs are entitled to recover their reasonable costs and attorney fees incurred in bringing this action pursuant to 42 U.S.C. § 1988.

**REQUESTED RELIEF**

WHEREFORE, Plaintiffs pray for a judgment in their favor as follows:

A. Declaring the Eviction Moratoria to be invalid and unenforceable because they violate the United States constitution;

B. Enjoining Governor Brown, the State, City, and County from taking any action to implement, enforce, or extend, the Eviction Moratoria;

C. In the alternative, issuing an injunction requiring Defendants to design and implement a plan to adequately compensate Plaintiffs and all others similarly situated for their rental losses, incurred as a result of the Eviction Moratoria;

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

D.	Awarding Plaintiffs their costs and reasonable attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. § 1988; and

E.	Granting Plaintiffs such other relief as this Court deems just and proper.

DATED this 21st day of December, 2020.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: s/ *John DiLorenzo, Jr.*
John DiLorenzo, Jr. OSB #802040
Email: johndilorenzo@dwt.com
Aaron K. Stuckey, OSB #954322
Email: aaronstuckey@dwt.com
Evan Christopher, OSB #183214
Email: evanchristopher@dwt.com
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

*Counsel for Plaintiffs*

Page 19 – COMPLAINT

4851-2635-5922v.13 0050033-004947

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax