**Keith Ketterling,** OSB No. 913368
**Steven C. Berman**, OSB No. 951769
**Megan K. Houlihan**, OSB No. 161273
STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840
Email:         kketterling@stollberne.com
               sberman@stollberne.com
               mhoulihan@stollberne.com

*Special Assistant Attorneys General for Governor*
*Kate Brown and State of Oregon*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MOE FARHOUD, STARK FIRS LIMITED PARTNERSHIP, ALDER VILLAGE, INC., STAR KREST, INC., ASH STREET COURTYARD LLC, TYLER SHERMAN, and CRYSTAL SHERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR KATE BROWN, in her official capacity, STATE OF OREGON; CITY OF PORTLAND, an Oregon municipal corporation; and MULTNOMAH COUNTY OF OREGON, an Oregon municipal corporation, <br><br> Defendants. | Case No. 3:20-cv-02226-JR <br><br><br> **DEFENDANTS GOVERNOR KATE BROWN AND STATE OF OREGON'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION** |

Magistrate Judge Russo properly concluded that Plaintiffs' constitutional challenge to a

statewide temporary eviction moratorium, enacted by the Oregon Legislature, founders on

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

threshold standing and justiciability standards.  Plaintiffs' objections to Judge Russo's Findings and Recommendation (ECF 54, "F&R") offer the Court no reason to depart from the F&R's conclusions.

## BACKGROUND

The F&R describes the case's factual background, as do the motions to dismiss filed by all the defendants (ECF 18, 19, 21).  To briefly summarize the facts relating to Defendants Governor Kate Brown and the State of Oregon, on March 8, 2020, the Governor declared a state of emergency in response to the spread of COVID-19.  Executive Order ("EO") 20-03.[1]  In the following months, the Governor issued a series of executive orders to protect the health and financial wellbeing of Oregonians as COVID-19 and the worst wildfire season in history ravaged the state.  The Governor's orders included EO-56, which declared a temporary moratorium on evictions for nonpayment of rent.  As explained in EO 21-05 § 2(c), the Governor's order regarding eviction moratoria expired on December 31, 2020, and was replaced by House Bill 4401 (2020) ("HB 4401").

The Oregon Legislature enacted HB 4401 to provide temporary protection to residential tenants.[2]  HB 4401 prohibits eviction proceedings and lawsuits for nonpayment of rent against residential tenants during a specified "emergency period."  HB 4401 § 8.  If a landlord violates the eviction prohibition in HB 4401, a tenant has a private cause of action for injunctive relief and damages.  HB 4401 § 7(8)(a)(A).  HB 4401 creates no other enforcement mechanism and gives no independent enforcement authority to the Governor.

---

[1] Governor Brown's executive orders are available at https://www.oregon.gov/gov /admin/pages/executive-orders.aspx.
[2] HB 4401 modified a previous statute, House Bill 4213 ("HB 4213").  Plaintiffs do not challenge the provisions of HB 4213.

 Page 2- **DEFENDANTS GOVERNOR KATE BROWN AND STATE OF OREGON'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION**

Plaintiffs sued the Governor, the State, Multnomah County, and the City of Portland under 42 U.S.C. § 1983, alleging that so-called "Eviction Moratoria," including HB 4401, violate Plaintiffs' constitutional rights.  Plaintiffs sought to enjoin the defendants from enforcing the "Eviction Moratoria."  Plaintiffs also requested an injunction to require the defendants "to design and implement a plan to adequately compensate Plaintiffs and all others similarly situated for their rental losses, incurred as a result of the Eviction Moratoria."  First Amended Compl. at 23 (Requested Relief) (ECF 17).  The Governor and the State moved to dismiss Plaintiffs' claims as nonjusticiable for several reasons, including sovereign immunity under the Eleventh Amendment and lack of standing.

The F&R recommends dismissing the State under the Eleventh Amendment and dismissing the Governor because Plaintiffs do not have standing to sue her for the alleged harm caused by HB 4401.  Plaintiffs do not object to dismissing the State, but they do object to dismissing their claims against the Governor.  Although the F&R did not reach the merits of Plaintiffs' claims, Plaintiffs ask the Court to examine their briefing on the merits.  However, like the F&R, the Court need not analyze whether Plaintiffs fail to state a claim.  More fundamentally, Plaintiffs' claims falter at the starting block on jurisdictional requirements.  Chiefly, Plaintiffs lack standing to sue the Governor.[3]

---

[3] Plaintiffs also moved for partial summary judgment (ECF 33), which the F&R recommends denying as moot.  The Governor and State's response to that motion is at ECF 49.

Page 3- **DEFENDANTS GOVERNOR KATE BROWN AND STATE OF OREGON'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## ARGUMENT

I.      **The F&R Correctly Concluded that Plaintiffs Do Not Have Standing to Sue the Governor.**

The F&R concluded that Plaintiffs fail to satisfy the Constitution's "case-or-controversy requirement" because Plaintiffs lack standing to sue the Governor.  F&R at 14.  The F&R reasoned that Plaintiffs lack standing for two reasons:  (1) their alleged injury is not fairly traceable to the Governor; and (2) a favorable decision would not redress Plaintiffs' alleged injury.  F&R at 14–20.  The F&R is right.

### A.      Plaintiffs' Alleged Injury Is Fairly Traceable to HB 4401's Private Right of Action, Not Any Threatened Enforcement by the Governor.

The F&R reasoned that because HB 4401 creates only a private right of action for enforcement, Plaintiffs' alleged injury does not result from any actions by the Governor.  The F&R analogized to another case that concluded the plaintiffs lacked standing, *Axos Bank v. Rosenblum*, 2020 WL 7344594 (D. Or. Dec. 14, 2020).  There, Chief Judge Hernández dismissed a challenge brought against the Attorney General to an Oregon statute implementing a mortgage foreclosure moratorium.  Like HB 4401, the challenged statute created only a private right of action.  Therefore, any direct injury to plaintiffs could only be caused by private parties not before the court, and the plaintiffs could not pursue their case against the Attorney General.  *Id.* at \*3.  The F&R concluded that the same rule applies to Plaintiffs' claims against the Governor.  F&R at 16–17.

In their objections, Plaintiffs argue that the Governor is unlike the Attorney General because the Governor has broad executive authority and a constitutional obligation to enforce state law.  However, Plaintiffs do not point to any action by the Governor that indicates she can or would enforce HB 4401 against Plaintiffs.  Absent such "a threat of enforcement," Plaintiffs

Page 4- **DEFENDANTS GOVERNOR KATE BROWN AND STATE OF OREGON'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION**

cannot satisfy the traceability standard for standing.  *S. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 614 (9th Cir. 1980).

Moreover, Ninth Circuit case law concerning Eleventh Amendment immunity for state actors forecloses Plaintiffs' argument.  The Ninth Circuit is clear that "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit."  *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).  The defendant must have a "fairly direct" connection with enforcement of an allegedly unconstitutional act.  *Id.*  Without having threatened to enforce an allegedly unconstitutional statute then in force in the state, a governor's "constitutional duty to see that the laws of the state are faithfully executed" will not permit plaintiffs "to use the Governor as a surrogate for the state, and thereby to evade the state's Eleventh Amendment immunity."  *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983).

Plaintiffs' citation to case law from other jurisdictions is inapposite.  Plaintiffs first cite *Allied Artists Picture Corp. v. Rhodes*, 679 F.2d 656, 665 n.5 (6th Cir. 1982), for the proposition that a governor is a proper defendant when a "substantial public interest" requires the governor to enforce state laws.  Objections (ECF 58) at 8–9.  However, even the Sixth Circuit has called this decision "anomalous."  *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1417 n.11 (6th Cir. 1996); *see also* Reply in Support of Defendants Governor Kate Brown and State of Oregon's Motion to Dismiss at 9–10 (ECF 45 at 15–16) (further distinguishing *Allied Artists*).  Plaintiffs next cite the equally distinguishable case *Boler v. Earley*, 865 F.3d 391, 413 (6th Cir. 2017).  There, the plaintiffs did not challenge a statute at all, and the court did not address whether any connection existed between the governor and allegedly unconstitutional

Page 5**- DEFENDANTS GOVERNOR KATE BROWN AND STATE OF OREGON'S
     RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
     RECOMMENDATION**

conduct.  Ninth Circuit precedent, not anomalous and distinguishable Sixth Circuit decisions,

governs here.

Finally, Plaintiffs cite the Supreme Court's order in *Pantelis Chrysafis v. Lawrence K.*

*Marks*, No. 21A8 (Aug. 12, 2021), enjoining a New York eviction moratorium.  This decision

from the Supreme Court's "shadow docket" was made "without full briefing and oral argument"

and contains little reasoning.  *See* Stephen I. Vladeck, *The Solicitor General and the Shadow*

*Docket*, 133 Harv. L. Rev. 123, 125 (2019) (critiquing the rising number of orders and summary

decisions from the Supreme Court).  The *Chrysafis* decision did not address the plaintiffs'

standing and did not involve any claims against a governor. [4]  Further, even Plaintiffs concede

that "*Chrysafis* carries limited precedential power."  Objections at 11.  In sum, Plaintiffs offer no

precedential authority establishing that a governor's general duty to enforce the law allows her to

be sued for an allegedly unconstitutional statute that grants her no enforcement authority and that

she has never threatened to enforce.  Accordingly, Plaintiffs do not satisfy the traceability prong

of the standing analysis.

**B.      Plaintiffs' Requested Relief Either Would Have No Effect or Is Unavailable
        in the Circumstances of This Case.**

The F&R concluded that Plaintiffs fail not only the traceability prong, but also the

redressability prong of the standing analysis.  The F&R reasoned that "the Governor does not

---

[4] In their discussion of *Chrysafis*, Plaintiffs suggest that the Court should consider extensions of
certain tenant protections implemented by Senate Bill 278 (2021) ("SB 278").  If anything, SB
278, and its predecessor Senate Bill 282 (2001), show that Plaintiffs' lawsuit based on HB 4401
has become moot.  By its own terms, HB 4401's tenant protections expired on July 1, 2021.  HB
4401 § 23.  Moreover, even if Plaintiffs had challenged SB 278, their challenge would fail for the
same procedural reasons Plaintiffs' challenge to HB 4401 fails.  SB 278, as with HB 4401,
creates only a private right of action for enforcement and Plaintiffs' alleged injury does not result
from any actions by the Governor.  Plaintiffs have no viable claim against the Governor.

Page 6**- DEFENDANTS GOVERNOR KATE BROWN AND STATE OF OREGON'S
        RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
        RECOMMENDATION**

have an enforcement role under HB 4401, so relief in the form of an injunction preventing the

Governor from enforcing HB 4401 would have no effect on [P]laintiffs' alleged harms."  F&R

at 19.  Further, the F&R rejected Plaintiffs' argument that the Court has the power to compel the

Governor to declare HB 4401 inoperative and exercise her emergency powers to fashion relief

for Plaintiffs.  F&R at 19–20.  Again, the F&R was right.

Plaintiffs' requested relief would not redress their alleged injuries.  *See* Compl. at 23

(ECF 17) (setting out Plaintiffs' prayer for relief).  An injunction preventing the Governor from

acting would be meaningless.  As the F&R recognized, the Governor already does not enforce

HB 4401's provisions under the statute's terms; the statute grants that right to private renters.

Those renters would still be free to sue under HB 4401.

Conversely, an injunction requiring the Governor to take affirmative actions in this case

is irreconcilable with the emergency that has been declared.  The Governor's emergency powers

must "be exercised in a manner consistent with the reason for which they are granted; that is,

they must be exercised to address the declared emergency."  *Elkhorn Baptist Church v. Brown*,

366 Or. 506, 525, 466 P.3d 30, 43 (2020).  HB 4401 advances the objective of maintaining

secure and stable housing for Oregonians in response to the pandemic and last year's wildfires.

Compelling the Governor to somehow invalidate HB 4401 would be inconsistent with the very

reasons that the Governor declared an emergency in the first place.  Plaintiffs cite no authority

that permits the Court to take such an extraordinary step.

Moreover, principles of federalism generally do not permit affirmative injunctive and

declaratory relief that would require state officials to repeal an existing law and enact a new law

proposed by plaintiffs.  F&R at 20 (citing *M.S. v. Brown*, 902 F.3d 1076, 1089 (9th Cir. 2018)).

Mandatory injunctions that require a defendant to take affirmative action are always a

Page 7- **DEFENDANTS GOVERNOR KATE BROWN AND STATE OF OREGON'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

"particularly disfavored" form of relief that should not issue unless the law and facts clearly favor the plaintiff. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Plaintiffs cite no precedent that allows a federal court to instruct a governor on how to exercise her emergency powers, particularly where that instruction would be inconsistent with the state of emergency that the governor declared. In the circumstances of this case, the affirmative relief Plaintiffs seek is unavailable. Plaintiffs cannot show that a favorable ruling from the Court would redress their alleged injury, and therefore, they cannot satisfy the redressability requirement for standing.

## II.       Plaintiffs' Claims Fail for a Host of Other Reasons.

As discussed in the underlying briefing (ECF 18, 45), even if Plaintiffs had standing (which they do not), their claims still suffer from jurisdictional flaws. Among these flaws are first, that Plaintiffs cannot obtain equitable relief under the Takings Clause in federal court. *Knick v. Township of Scott, Pennsylvania*, —U.S.—, 139 S. Ct. 2162 (2019). And second, the Governor is immune from Takings Clause claims because such claims do not fall within the "narrow" exception to a state official's sovereign immunity carved out by *Ex parte Young*, 209 U.S. 123 (1908). *See Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 956 (9th Cir. 2008) (holding that "[i]t is impossible to characterize the relief sought [under the Takings Clause] as prospective" and subject to "the *Ex parte Young* exception" to sovereign immunity). Plaintiffs lament that rejecting their claims for jurisdictional reasons would "shield the state from federal court scrutiny." Objections at 8. However, the Ninth Circuit is clear that "not all meritorious legal claims are redressable in federal court. . . . even where, as here, a plaintiff alleges constitutional violations." *Brown*, 902 F.3d at 1083.

Plaintiffs also entirely ignore, let alone distinguish, cases from across the country that have dismissed similar claims against eviction moratoria. *See, e.g.*, *Apartment Ass'n of Los*

Page 8- **DEFENDANTS GOVERNOR KATE BROWN AND STATE OF OREGON'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION**

*Angeles Cty., Inc. v. City of Los Angeles*, —F.4th—, 2021 WL 3745777, at \*9 (9th Cir. Aug. 25,

2021) (rejecting Contracts Clause challenge to a COVID-19-related eviction moratorium and

summarizing district court decisions from the last year and a half that have "uniformly rejected"

such challenges).  If lack of standing were not enough, Plaintiffs claims should be dismissed for

these reasons as well.

### CONCLUSION

For all these reasons, the F&R (ECF 54) correctly dismissed Plaintiffs' claims, and the

F&R should be adopted.


DATED this 17th day of September, 2021.



Respectfully submitted,


STOLL STOLL BERNE LOKTING & SHLACHTER,
P.C.


By: s/ Megan K. Houlihan
    **Keith Ketterling**, OSB No. 913368
    **Steven C. Berman**, OSB No. 951769
    **Megan K. Houlihan**, OSB No. 161273

209 SW Oak Street, Suite 500
Portland, OR  97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840
Email:    kketterling@stollberne.com
        sberman@stollberne.com
        mhoulihan@stollberne.com


*Special Assistant Attorneys General for Governor
Kate Brown and State of Oregon*


Page 9- **DEFENDANTS GOVERNOR KATE BROWN AND STATE OF OREGON'S
RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
RECOMMENDATION**