JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
B. Andrew Jones, OSB No. 091786
Senior Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
Email: andy.jones@multco.us
   *Of Attorneys for Defendant Multnomah County*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| MOE FARHOUD, STARK FIRS LIMITED PARTNERSHIP, ALDER VILLAGE, INC., STAR KREST INC., ASH STREET COURTYARD, LLC, TYLER SHERMAN and CRYSTAL SHERMAN,<br><br>            Plaintiffs,<br><br>   v.<br><br>GOVERNOR KATE BROWN, in her official capacity; STATE OF OREGON; CITY OF PORTLAND, an Oregon municipal corporation; and MULTNOMAH COUNTY OF OREGON, an Oregon municipal corporation,<br><br>            Defendants. | Civil No. 3:20-cv-02226-JR<br><br>DEFENDANT MULTNOMAH COUNTY'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |

      Judge Russo properly applied *Board of Trustees of Glazing Health and Welfare Trust v.*

*Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) to Plaintiffs' claims against Multnomah County's

Page 1 – DEFENDANT MULTNOMAH COUNTY'S RESPONSE TO PLAINTIFFS'
        OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

rescinded ordinances. (ECF 54, p. 13). Judge Russo correctly found Multnomah County Ordinance 1296 was neither the same nor substantially similar to prior ordinances to overcome the presumption of mootness. (ECF 54, p. 13). Plaintiffs nonetheless objected, claiming the case against Multnomah County is not moot. Plaintiffs are wrong.

Plaintiffs' first objection – that *Board of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195 (9th Cir. 2019) "is not the applicable authority" because "the County already *did* reenact substantially similar legislation" – is imprecise. (ECF 58, p. 5, emphasis in original). *Chambers* provides the rule and the case Plaintiffs cite, *Cuviello v. City of Vallejo*, 944 F.3d 816, 824-825 (9th Cir. 2019), simply applies the concepts of the rule to materially different facts. The only difference between ordinances in *Cuviello* was a permit fee. *Id.* As Judge Russo correctly pointed out, giving tenants an additional thirty (30) to affirmatively show the landlord that tenant applied for rental assistance funds designed to compensate the landlord is neither the same[1] nor substantially similar to prior ordinances.

Plaintiffs' objections lose the thread of Judge Russo's reasoning, namely a governmental action or policy in a given field does not confer perpetual standing in gross to challenge any preceding governmental actions. (ECF 54, p. 13), *American Diabetes Association v. United States Department of the Army*, 938 F.3d 1147, 1152 (9th Cir. 2019). In *American Diabetes Ass'n*, Plaintiffs sought an injunction against the Army's "blanket policy prohibiting …diabetes care" to children enrolled in a particular after school program (the "Old Policy"). *American*

---

[1] Plaintiffs' citations to discussion at Board meetings, bereft of context, of hypothetical future responses is not the equivalent of "reenacting precisely the same provision" or announcing the intent to reenact identical legislation. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289, note 11, 102 S. Ct. 1070, 1075, 71 L. Ed. 2d 152 (1982).

Page 2 –  DEFENDANT MULTNOMAH COUNTY'S RESPONSE TO PLAINTIFFS'
    OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

*Diabetes Ass'n*, 938 F.3d at 1151.  The Army removed the prohibition and replaced it with a new policy that allowed for individual assessment of a child's diabetic needs for potential care (the "New Policy").  *Id.*  Even though the New Policy and Old Policy concerned diabetic care, the Ninth Circuit held claims for prospective relief moot, as the policy "has been 'sufficiently altered so as to present a substantially different controversy.'"  *Id.* at 1152, quoting *Ne. Fla. Chapter of Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 662, note 3, 113 S.Ct. 2297 (1993).

Judge Russo correctly concluded a temporal limitation on the eviction remedy for the specific individual circumstance - where rental assistance is being sought to compensate the landlord - presents a substantially different controversy than prior ordinances.  As with *American Diabetes Ass'n*, claims for prospective relief against rescinded ordinances are mooted.

Plaintiffs also contend Judge Russo should not have found, as of July 26th, 2021, that the COVID-19 crisis was slackening. (ECF 54, p. 13).  Plaintiffs are correct – Oregon has seen spiking COVID-19 cases and hospitalizations as the Delta variant has spread across our state.  However, it does not follow that, because of worsening public health and economic conditions, that this Court should give an advisory opinion on now-rescinded ordinances and their prospective application to future contingencies.  The appropriate disposition remains as Judge Russo found, that the claims against Multnomah County are moot and subject to dismissal.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

Page 3 – DEFENDANT MULTNOMAH COUNTY'S RESPONSE TO PLAINTIFFS'
OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

## CONCLUSION

Defendant Multnomah County respectfully requests this Court adopt Judge Russo's Findings and Recommendations and dismiss the Plaintiffs' claims.

DATED this 17th day of September, 2021.

                                        Respectfully submitted,

                                        JENNY M. MADKOUR, COUNTY ATTORNEY
                                        FOR MULTNOMAH COUNTY, OREGON

                                        **/s/ B. Andrew Jones**

                                        B. Andrew Jones, OSB No. 091786
                                        Senior Assistant County Attorney
                                          *Of Attorneys for Defendant Multnomah County*